UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SANDRA LEIGH YANTOS,

　　　　　　　　　　　Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

　　　　　　　　　　　Defendant.

Case No.:  15cv02733 JAH-BGS

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT**

## **INTRODUCTION**

　　Sandra Yantos ("Plaintiff"), filed this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Supplemental Security Income disability benefits pursuant to 42 U.S.C. 405(g). After a thorough review of the parties' submissions, along with the entire record submitted in this matter, and for the reasons set forth below, this Court **DENIES** Plaintiff's motion for reversal or remand of the Commissioner's administrative decision, and **GRANTS** Defendant's Cross-Motion for Summary Judgment.

\\

\\

\\

## BACKGROUND

### I.   Procedural Background

On March 14, 2012, Plaintiff filed an application for disability insurance benefits alleging disability beginning on February 21, 2012. See AR[1] at 88. Plaintiff's claim was initially denied on August 22, 2012, and subsequently denied again on reconsideration. See AR at 61. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on June 6, 2014. Id. On July 11, 2014, ALJ Jesse J. Pease issued a decision finding Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. See AR 61–71. Plaintiff's request for Appeal Council review was denied on October 13, 2015. See AR 1–6. Plaintiff then commenced the present action pursuant to 42 U.S.C. § 405(g).

Plaintiff filed the instant complaint on December 7, 2015. [Doc. No. 1]. Defendant filed an answer on March 15, 2016. [Doc. No. 10]. Thereafter, Plaintiff filed a Motion for Summary Judgment seeking reversal or remand of Defendant's decision. [Doc. No. 13]. Defendant then filed a Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. [Doc. No. 14]. Plaintiff subsequently filed a Reply Brief in support of her Motion for Summary Judgment. [Doc. No. 15].

### II.   The ALJ's July 11, 2014 Decision

In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 21, 2012. See AR at 63. The ALJ further found that Plaintiff had severe impairments, including diabetes, obesity, history of left tibial plateau fracture, and adhesive capsulitis of her left shoulder, that caused more than minimal limitations on Plaintiff's ability to perform basic work activities. Id. The ALJ determined Plaintiff does not have an impairment or combination of impairments that meet or are medically equal in severity to one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. See AR at 64. The ALJ determined that Plaintiff had the residual functional capacity to perform

---

[1] AR refers to the administrative record lodged with this Court.

light work except occasional postural activities and no reaching behind the back with her left arm. Id. The ALJ found that considering the Plaintiff's age, education, work experience, and residual functional capacity, jobs did exist in significant numbers in the national economy that the Plaintiff could perform. See AR at 69. Those findings led the ALJ to the ultimate conclusion that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act.

In making this determination, the ALJ considered all symptoms and the extent the symptoms can reasonably be accepted as consistent with objective medical evidence, and opinion evidence. See AR at 65. The ALJ found the evidence failed to support Plaintiff's statements concerning the intensity, persistence, and limiting effects of her medically determinable impairments. Id. The ALJ gave little weight to State agency medical consultant's assessment that Plaintiff was capable of medium work because their opinion did not consider evidence received at the hearing. See AR at 68. Additionally, the ALJ gave little weight to Dr. Sabourin's medium work assessment because Plaintiff had subsequent symptomatic hardware removal as well as subsequent left shoulder surgeries. Id. The ALJ gave no weight to Dr. Sandler's opinion that Plaintiff was unable to work because of her insulin regimen. Id. The ALJ found this opinion diverged from Dr. Sandler's subsequent statement that Plaintiff's diabetes was fairly under control, and was contrary to Plaintiff's long history of working with the disease. Id. Finally, the ALJ gave no weight to Dr. Nguyen's sedentary assessment, finding the objective medical evidence did not support such a restrictive evaluation. Id.

## LEGAL STANDARD

### I.  Qualifying for Disability Benefits

To qualify for disability benefits under the Act, an applicant must show that: (1) she suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that her previously performed or any other substantially gainful employment that exists in

3

the national economy. <u>See</u> 42 U.S.C. § 423(d)(1)(A), 2(A). An applicant must meet both requirements to be found "disabled." <u>Id.</u>

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. <u>See</u> 20 C.F.R. §§ 404.1520, 416.920. Step one determines whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4(i). "Gainful work activity" is defined as work that is "usually done for pay or profit" regardless of whether or not a profit is realized. 20 C.F.R. § 404.1572(b). If the applicant is engaged in "substantial gainful activity" then she will be found not disabled "regardless of [her] medical condition or age, education, and work experience." 20 C.F.R. § 404.1520(b). If the claimant is not engaged in substantial gainful activity, the decision maker proceeds to the next step in the process.

At step two, the "medical severity" of the claimant's impairments are considered. 20 C.F.R. § 404.1520(a)(4(ii). It must be determined whether the claimant has a medically determinable impairment, or a combination of impairments, that can be classified as "severe". <u>Id.</u> An impairment, or combination of impairments, is considered severe if it "significantly limits [her] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If no severe impairment or combination of impairments is found, the disability claim is denied. However, if the impairment is determined to be severe, the evaluation proceeds to the third step. <u>Id.</u>

In the third step of the process, it must be determined whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. <u>See</u> 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate. <u>Celaya v. Halter</u>, 332 F.3d 1177, 1181 (9th Cir. 2003). In conducting such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." <u>Id.</u> at

1182 (quoting 42 U.S.C. § 423(d)(2)(B)). If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, where it is determined whether the impairment prevents the claimant from performing work she has performed in the past. See 20 C.F.R. § 404.1520(a)(4(iv). If the claimant cannot perform her previous work, the analysis proceeds to the fifth and final step of the process.

During the final step of the process, it must be determined whether the claimant is able to perform other work in the national economy considering her age, education, and work experience. See 20 C.F.R. § 404.1520(a)(4(v). The claimant is entitled to disability benefits only if she is not able to perform other work. See 20 C.F.R. §§ 404.1520(g)(1). The Social Security Administration is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [her] residual functional capacity and vocational factors. See 20 C.F.R. § 404.1560(c)(2).

## II.    Judicial Review of an ALJ's Decision

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. See 42 U.S.C. § 405(g). The scope of judicial review is limited.The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The reviewing court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. See Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational

interpretation, the Court must uphold the ALJ's decision. See Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) (citing Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984)). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. See 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. Id. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).

## DISCUSSION

Plaintiff argues the ALJ's adverse decision was based on several legal errors. First, Plaintiff contends that the ALJ improperly rejected the opinions of her treating physicians, Dr. Nguyen and Dr. Sandler. Second, Plaintiff argues that the ALJ's credibility assessment of her, in regards to her subjective pain and impairments, was legally deficient. These arguments will be addressed in turn below.

### I.    Opinions of Plaintiff's treating physicians

In her Motion for Summary Judgment, Plaintiff argues the ALJ failed to provide clear and convincing reasons for rejecting the opinions of her two treating physicians, Dr. Nguyen and Dr. Sandler. See Doc. No. 13–1, pg. 6. Plaintiff further argues that the ALJ failed to adhere to Social Security policy and Ninth Circuit precedent when considering her treating physicians. See Doc. No. 13–1, pg. 16–20. Specifically, in terms of Dr. Nguyen, Plaintiff contends the ALJ failed to discuss, or even acknowledge, Dr. Nguyen's

medical specialty, her numerous personal examinations of the Plaintiff, and her familiarity of Plaintiff's medical history. <u>See</u> Doc. No. 13–1, pg. 17. Plaintiff argues that all of these factors "weigh[ed] in favor of giving substantial weight to Dr. Nguyen's opinion." <u>Id.</u>

Defendant, in a Cross-Motion for Summary Judgment, argued that the ALJ gave legally valid reasons for rejecting the opinions of the primary physicians. <u>See</u> Doc. No. 14– 1. In terms of Dr. Nguyen, Defendant first argues that the ALJ properly found her opinion was unsupported by the objective medical evidence. <u>Id.</u> at pg. 4. Second, the ALJ properly found Dr. Nguyen's assessment that Plaintiff's symptoms would frequently interfere with her attention and concentration was inconsistent with Plaintiff's school attendance and desire to further her education. <u>Id.</u> at pg. 6. Finally, Defendant argues the ALJ properly disregarded Dr. Nguyen's opinion on Plaintiff's back issues based on the conservative treatment plan prescribed. <u>Id.</u> Addressing the rejection of Dr. Sandler's opinion, Defendant argues that it was proper based on Dr. Sandler's own admission that Plaintiff's diabetes was under control along with Plaintiff's lengthy history of working in spite of the disease. <u>Id.</u> at pg. 7.

## **Legal Standard**

In assessing a disability claim, such as this, an ALJ may rely on medical "opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)." <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir.1995). It is the responsibility of the ALJ to resolve conflicts in the in the medical record. <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1164 (9th Cir. 2008). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a non-examining physician." <u>Lester v. Chater</u>, 81 F.3d at 830. However, "the findings of a non-treating, non-examining physician can amount to substantial evidence, so long as other evidence in the record supports those

findings." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996), cert. denied, 519 U.S. 1113 (1997) (citing Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989)).

If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." 20 C.F.R § 404.1527(c)(2). In situations where the treating doctor's opinion is ***not*** contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991) (emphasis added). Even if the ALJ determines the treating opinion should not receive controlling weight, the ALJ must consider specific factors, listed in 20 C.F.R. § 404.1527(c)(2)–(6), to determine what weight to accord the opinion. See Social Security Ruling 96-2p (Even when a treating physician's opinion is not entitled to controlling weight, it should not be rejected. "Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527."). The factors include: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) the specialization of the treating source; and (6) any other factors brought to the ALJ's attention that tend to support or contradict the opinion. See 20 C.F.R. § 404.1527(c)(2)-(6).

### Opinion of Dr. Nguyen

On June 5, 2014, Dr. Nguyen, Plaintiff's treating rheumatologist, submitted a medical opinion in reference to Plaintiff's ability to do work related activities. See AR at 1056. Dr. Nguyen opined that Plaintiff could lift and carry less than ten pounds occasionally and frequently, could stand and walk less than two hours during an eight hour day, and could sit about four hours during an eight hour day. Id. Additionally, Dr. Nguyen opined that Plaintiff would need the opportunity to shift positions at will from sitting or standing or walking, and would need to lie down every three to four hours throughout the

day. Dr. Nguyen cited Plaintiff's swollen joints and back spasms as the reason for the above restrictions. Id. Dr. Nguyen opined that because of Plaintiff's restrictive motion in her back and joints her postural abilities would range from none to occasional. See AR at 1057. Dr. Nguyen opined that Plaintiff had limited abilities reaching, fingering, handling and feeling due to her hand joint swelling and reduced range of motion. Id. Finally, Dr. Nguyen opined that Plaintiff had issues balancing, would need to keep a leg elevated, and these impairments would frequently interfere with attention and concentration required to perform simple work related tasks. Id. In Dr. Nguyen's opinion, these impairments would cause Plaintiff to miss more than four days of work per month. Id.

The ALJ assigned no weight to Dr. Nguyen's above sedentary assessment of the Plaintiff, finding it "too restrictive." See AR at 68. The ALJ provided several reasons for his determination. First, the ALJ considered Plaintiff's own acknowledgement that she has a "form of arthritis" that Dr. Nguyen is unable to properly diagnose. See AR at 16, 68. Second, the ALJ determined Dr. Nguyen's opinion was not supported by the objective medical evidence in this case. The ALJ found that Dr. Sabourin's August 9, 2012 examination showing good grip strength and 5/5 motor strength contradicted Dr. Nguyen's finding. See AR at 68, 324–328. Additionally, the ALJ found that Plaintiff complains of foot problems, yet she does not require an assistive device for ambulation. See AR at 68. Plaintiff has not had any significant interventions for her back. Id. Finally, the ALJ found that Plaintiff's ability to concentrate long enough to earn an Associates of Arts degree was inconsistent with Dr. Nguyen's statement that Plaintiff had frequent interference with her attention and concentration. Id.

## Analysis

It is clear from the administrative record, and Defendant does not dispute, that Dr. Nguyen was Plaintiff's treating rheumatologist. Plaintiff visited Dr. Nguyen four times from March 13 to December 4, 2013. See AR 1031–1055. This is more than sufficient contact to establish Dr. Nguyen as a treating physician, whose opinion is then entitled to substantial deference. See Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994)

9

(holding that a physician who treated claimant twice within a 14-month period was "without doubt" a treating physician whose opinion was entitled to deference). As a treating physician, the ALJ must first decide whether Dr. Nguyen's opinion is entitled to controlling weight pursuant to C.F.R. § 404.1527(c)(2). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." 20 C.F.R. § 404.1527(d)(2). Conversely, if there is "substantial evidence" in the record contradicting the opinion of the treating physician, the opinion of the treating physician is no longer entitled to "controlling weight." Id. Ninth Circuit precedent includes "independent clinical findings from an examining physician" that differ from the findings of the treating physician as "substantial evidence." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citing Miller v. Heckler, 770 F.2d 845, 849 (9th Cir.1985).

Here, as the ALJ noted, the opinion of examining physician, Dr. Sabourin was based on an independent orthopedic evaluation of Plaintiff, which took place on August 9, 2012. During his orthopedic examination, Dr. Sabourin noted normal grip strength, normal motor strength, and satisfactory back range of motion with no spasms or swelling. See AR at 324–328. Based on this independent physical evaluation, Dr. Sabourin determined Plaintiff was capable of medium work.[2] Id. Dr. Sabourin's evaluation and subsequent opinion is substantial evidence in this case, and in light of the contradiction with Dr. Nguyen's

_____

[2] The Court notes that the ALJ reduced Dr. Sabourin's medium work assessment, assigning it "little weight" See AR at 68. Even though the ALJ utilizes an examining physician's opinion, of which he has assigned only "little weight," to disregard the opinion of a treating physician, the ALJ makes clear Dr. Sabourin's medium work assessment was reduced because he was unable to incorporate Plaintiff's "subsequent symptomatic hardware removal [from her left tibia surgery]" and her "subsequent left shoulder surgeries" into his opinion. See AR at 68. Even in reducing Dr. Sabourin's opinion in that respect, the ALJ properly utilized and considered the objective medical evidence wholly unrelated to Plaintiff's left tibia surgery or subsequent left shoulder surgeries gathered during Dr. Sabourin's examination that directly conflicts with Dr. Nguyen's opinion. The ALJ found Dr. Sabourin's examination of Plaintiff evidenced no significant issues with her grip strength or back, which directly conflicts with Dr. Nguyen's opinion. Id. Additionally, no objective evidence could be found in the Administrative Record that contradicts Dr. Sabourin's objective findings on Plaintiff's grip strength or back. The Court finds that it was not inappropriate for the ALJ to rely upon this objective evidence.

opinion, the ALJ rightfully refused to assign Dr. Nguyen's opinion controlling weight. Consequently, Plaintiff's contention that the ALJ failed to provide "clear and convincing" evidence to disregard Dr. Nguyen's opinion is not applicable here. As the Ninth Circuit has held, the "clear and convincing standard" is only applicable when the treating physician is not contradicted by another doctor using objective data. <u>Baxter v. Sullivan</u>, 923 F.2d at 1396.

The ALJ not only refused to give Dr. Nguyen's opinion controlling weight, he chose to disregard it entirely. As the Ninth Circuit held in <u>Reddick</u>, "[e]ven if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." 157 F.3d at 725 (<u>quoting</u> <u>Murray</u>, 722 F.2d at 502). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (<u>quoting</u> <u>Cotton v. Bowen</u>, 799 F.2d 1403, 1408 (9th Cir. 1986)). This Court finds that the ALJ met this burden.

The Court will first address Plaintiff's argument that the ALJ erred by failing to "acknowledge or discuss" several § 404.1527(c) factors. <u>See</u> Doc. No. 13–1, pg. 17. Specifically, Plaintiff argues the ALJ failed to consider the length of the treatment relationship and the frequency of examination between herself and Dr. Nguyen, as required by § 404.1527 (c)(2)(i). <u>Id.</u> Plaintiff further contends the ALJ failed to acknowledge or discuss the nature and extent of the treatment relationship required by § 404.1527 (c)(2)(ii). <u>Id.</u> Finally, Plaintiff argues the ALJ failed to even discuss Dr. Nguyen's specialty as a rheumatologist, and the additional deference that § 404.1527 (c)(5) imparts upon specialists. <u>Id.</u>

Plaintiff's assessment is partially correct, the ALJ failed to expressly analyze each and every one of the § 404.1527(c) factors, however, the Ninth Circuit has never compelled such a specific analysis. The ALJ is certainly required to consider all of the factors, but the regulations and rulings contain no requirement that each and every factor be specifically

analyzed in an ALJ's decision. <u>See</u> 20 C.F.R. § 404.1527(c) ("[W]e *consider* all of the following factors....") (emphasis added); S.S.R. 96-2p, <u>available at</u> 61 Fed. Reg. 34,490, 34,492 (July 2, 1996) (explaining that the ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight"). "Thus, [an] ALJ's failure to spell out his regulatory-factor rationale [is] not fatal [], [if] the record sufficiently shows he considered the necessary elements." <u>Hoffman v. Berryhill</u>, 2017 WL 3641881, at *4 (S.D. Cal. Aug. 24, 2017). In his decision, the ALJ wrote, "[t]he claimant **has been seeing** Katherine Nguyen, M.D., *a rheumatologist*, for medication **treatment of inflammatory polyarthritis** with complaints of stiffness in the back, hips, and small joints of the hands. <u>See</u> AR at 67 (emphasis added). This one sentence demonstrates the ALJ considered that Dr. Nguyen was a specialist, had an ongoing physician-patient relationship with Plaintiff, and understood the nature and extent of the treatment. Furthermore, even had this Court found error with the ALJ's § 404.1527(c) factor analysis, or lack thereof, the error would be harmless. An ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." <u>Batson v. Comm'r of Soc. Sec. Admin.</u>, 359 F.3d 1190, 1197 (9th Cir. 2004). As the Court will discuss below, the objective evidence in this case was the primary basis for the ALJ's determination, and it's apparent that an exhaustive analysis of the § 404.1527(c) factors would not have altered his ultimate disability determination.

Turning now to the merits, Plaintiff argues the ALJ failed to provide "clear and convincing" reasons for rejecting the opinion of Dr. Nguyen. <u>See</u> Doc. No. 13–1, pg. 6. As expressed above, this standard only applies when the treating physician is not contradicted by substantial evidence in the record. Where there is contradiction, as we have with Dr. Nguyen's opinion, the ALJ may not reject it without providing "specific and legitimate reasons" that are supported by substantial evidence in the record. <u>Murray v. Heckler</u> 722 F.2d 499, 502 (9th Cir.1983). The ALJ's reasons for awarding no weight to Dr. Nguyen's opinion are examined in turn below.

### 1. **Plaintiff's statements regarding Dr. Nguyen's treatment**

The ALJ heard testimony from Plaintiff where she admitted she has a "form of arthritis" but Dr. Nguyen "isn't really sure what it is." See AR at 16, 68. This admission cuts against Dr. Nguyen in many of the § 404.1527(c) factors that the ALJ is required to consider. For example, § 404.1527 (c)(2)(i) explains, "When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight than we would give it if it were from a non-treating source." Plaintiff was seen and examined by Dr. Nguyen four times from March 13, 2013 through December 4, 2013. See AR 1031–1055. However, Plaintiff's own admission illustrates that this was still an insufficient amount of time to create a helpful "longitudinal picture" of Plaintiff's impairments. In theory, more weight is given to treating sources because they typically may bring a unique perspective . . . that cannot be obtained from . . . individual examinations." Boardman v. Astrue, 286 F. App'x 397, 399 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(d)(2)). The admission by Plaintiff suggests that any examining non-treating physician's outlook, based on objective examinations alone, would have been just as helpful to the ALJ.

### 2. **The objective medical evidence does not support Dr. Nguyen's opinion.**

The ALJ placed no weight on Dr. Nguyen's "overly restrictive" sedentary opinion, in large part, because it was unsupported by the objective medical evidence in this case. See AR at 68. It would have been entirely inadequate had the ALJ offered such a conclusory statement without more elucidation. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion. Garrison v. Colvin, 759 F.3d 995, 1012–13 (9th Cir. 2014) (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir.1996). In this case, the ALJ did not ignore Dr. Nguyen's opinion, but rather listed off the objective evidence that directly disputed it.

The ALJ writes:

> The claimant had carpal tunnel surgeries in 1989 and 1990, and although she claims of swelling, at the examination of Dr. Sabourin, she had good grip strength and 5/5 motor strength. The claimant can comb her hair and brush her teeth. She complains of foot problem but does not require an assistive device for ambulation. The claimant has not had significant intervention for her back. She testified that it took eight years for her to earn her associates degree through online classes, which were completed in December 2013, but that appears inconsistent with Dr. Nguyen's statement that the claimant has frequent interference with attention and concentration due to symptoms. In fact, the claimant testified she would like to continue her education at San Diego State University.

See AR at 68.

Taken together, the ALJ provided specific and legally sufficient reasons to discount Dr. Nguyen's opinion. See Wilson v. Colvin, 583 Fed.Appx. 649, 651 (9th Cir. 2014) (upholding rejection of treating physician's opinion where the ALJ determined that the opinion was not corroborated by any other medical opinion, was inconsistent with the rest of the record, and relied heavily on the claimant's own subjective statements which the ALJ found incredible).; compare Kinzer v. Colvin, 567 Fed.Appx. 529, 530 (9th Cir. 2014) (ALJ's conclusion—***without any explanation***—that treating physicians' opinions "contrasted sharply with the other evidence of record" and were "not well supported by the ... other objective findings in the case record" held insufficient) (emphasis added); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinions do not suffice).

Additionally, the reasons proffered by the ALJ were supported by substantial evidence in the record. Recalling that, "[s]ubstantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court considers this standard has been met, therefore, the ALJ did not err by rejecting Dr. Nguyen's opinion.

\\

14

## ii. **Opinion of Dr. Jeffrey A. Sandler**

On January 16, 2013, Dr. Sandler wrote a letter in which he opined that Plaintiff "at this point in time" was "unable to work." See AR at 712. As basis for this conclusion, Dr. Sandler cited Plaintiff's "labile blood sugar control," her current method of insulin distribution, and "her painful knees." Id. In his decision, the ALJ gave no weight to Dr. Sandler's opinion. See AR at 68. This determination was based on Dr. Sandler's subsequent statement that Plaintiff's diabetes was "fairly well controlled on Lantus insulin and Humalog." See AR at 68, 821. The ALJ also cited to Plaintiff's forty year history with type 1 diabetes and her ability to work "for many years in spite of it." See AR at 68. Plaintiff argues that the ALJ failed to provide "clear and convincing" reasons for rejecting Dr. Sandler's opinion. See Doc. No. 13–1, pg. 6. Additionally, Plaintiff contends the ALJ failed to adhere to Agency policy and Ninth Circuit precedent when considering Dr. Sandler's opinion. See Doc. No. 13–1, pg. 16–20.

As stated above, the "clear and convincing standard" is only applicable when the treating physician is not contradicted by another doctor using objective data. Baxter v. Sullivan, 923 F.2d at 1396. Here, as the ALJ noted, Dr. Sandler is not contradicted by another physician, but by his own opinions articulated in a subsequent letter. In that letter Dr. Sandler opined that Plaintiff's diabetes is "fairly well controlled", which is in stark contrast to his prior opinion that the disease prevented her from working altogether. Therefore, the "clear and convincing" is inappropriate and the ALJ could have rejected Dr. Sandler's opinion by providing "specific and legitimate reasons" supported by substantial evidence in the record. Murray v. Heckler, 722 F.2d at 502.

Dr. Sandler's statement that Plaintiff's diabetes was "fairly well maintained" was the ALJ's initial reason for disregarding his previous opinion. The ALJ further observed that the opinion was not supported by Plaintiff's work history, as she has successfully worked many years despite her diabetes diagnosis. The Ninth Circuit has previously held that a claimant's lengthy history of working with a claimed disability was substantial evidence. Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988). Plaintiff argues that the

ALJ's decision was pure "conjecture" and "does not account for the obvious fact that Plaintiff's diabetes has worsened over the years." See Doc. No. 13–1, pg. 19. This Court has scrupulously examined the entire administrative record and found Plaintiff has never alleged, nor are there any treatment notes that detail, a worsening of diabetic symptoms.

Finally, an analysis of the specific and legitimate reasons for rejecting Dr. Sandler's opinion is superfluous, as it was never entitled to any special weight. A treating physician's opinion is not entitled to "any special significance" when it encroaches on issues reserved for the Commissioner. See 20 C.F.R. § 404.1527(d)(3). The statutes explicitly include statements by a medical source that opine a claimant is "unable to work". See 20 C.F.R. § 404.1527(d)(1). Dr. Sandler's opinion is short in length and conclusory in nature. The three sentence opinion ends with the statement, "I believe, at this point in time . . . [Plaintiff] is unable to work." See AR at 819. Plaintiff actually concedes in her Reply Brief that the "opinion of Dr. Sandler does state the sort of conclusory opinion which the Agency is not required to give special significance to". See Doc. No. 15, pg. 3. The Court is in agreement with both parties that Dr. Sandler's opinion was not eligible for special treating physician significance. Therefore, the ALJ did not err in disregarding his opinion.

## II.  ALJ's credibility assessment of Plaintiff

In her Motion for Summary Judgment, Plaintiff argues the ALJ's credibility assessment was contrary to law. See Doc. No. 13–1, pg. 21–22. Plaintiff specifically argues the ALJ failed to consider Plaintiff's stellar work history. Id. Defendant, in the Cross-Motion for Summary Judgment, argued the ALJ properly evaluated Plaintiff's credibility. See Doc. No. 14–1. Defendant identified the specific and legally supported reasons the ALJ used in determining Plaintiff's credibility. Id. Defendant further argues the ALJ properly found Plaintiff's subjective complaints were not supported by the objective medical evidence. Id.

### a.  Legal Standard

It has long been held that ALJ's have the "well-settled role as the judge of credibility." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Therefore, the ALJ's

16

15cv02733 JAH-BGS

evaluation of a claimant's credibility should be given "great weight." <u>Nyman v. Heckler</u>, 779 F.2d 528, 531 (9th Cir. 1985). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989)).

In the Ninth Circuit, there is a two-step analysis for the ALJ to evaluate the credibility of a claimant in regards to her subjective pain and impairments. <u>Vasquez v. Astrue</u>, 572 F.3d 586, 591 (9th Cir. 2008) (citing <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant presented objective medical evidence of an impairment or impairments that could reasonably be expected to produce the pain or other alleged symptoms. <u>Id.</u> Second, if the claimant satisfies the first step, and there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if he provides "specific, clear and convincing reasons" for doing so. <u>Id.</u> The reasons proffered by the ALJ must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." <u>Turner v. Comm'r of Soc. Sec.</u>, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010) (quoting <u>Smolen</u>, 80 F.3d at 1284). Additionally, these reasons must be supported by substantial evidence in the record. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1040 (9th Cir. 2008).

The ALJ may also use "ordinary techniques of credibility determination" in evaluating the credibility of a claimant's testimony. <u>Id.</u> The ALJ may consider an array of factors in weighing a claimant's credibility including, "[her] reputation for truthfulness, inconsistencies either in [her] testimony or between [her] testimony and [her] conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [s]he complains." <u>Light v. Soc. Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997), <u>as amended on reh'g</u> (Sept. 17, 1997) (citing <u>Smolen</u>, 80 F.3d at 1284; <u>Moncada v. Chater</u>, 60 F.3d 521, 524 (9th Cir.1995) (quoting <u>Orteza v. Shalala</u>, 50 F.3d 748, 749–50 (9th Cir.1995)); 20 C.F.R. § 404.1529(c)).

Finally, even if one or several of the ALJ's reasons are invalid, his credibility determination will remain undisturbed so long as the ALJ provided some valid reasons. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (an ALJ's reliance on erroneous reasons is harmless so long as the "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence"). Ultimately, this Court must not "second-guess" the ALJ's credibility finding, so long as it is supported by substantial evidence in the record. Thomas, 278 F.3d at 959

**b. Analysis**

**i. The ALJ provided "specific, clear, and convincing" reasons for discounting Plaintiff's credibility**

In his decision, the ALJ found that Plaintiff had several severe impairments that more than minimally affected her ability to perform basic work activities. See AR at 63. These impairments included, "diabetes, type 1; obesity; history of left tibial plateau fracture, status post-surgical repair; and adhesive capsulitis of left shoulder." Id. In addition, the ALJ found these medically determinable impairments could cause Plaintiff's alleged symptoms. See AR at 65. This finding satisfies the first step of the two step analysis. In terms of step two, the ALJ found that "the claimant's statements concerning intensity, persistence, and limiting effects of these symptoms [were] not entirely credible for the reasons explained in this decision." Id. Therefore, this Court must determine whether the reasons provided by the ALJ were "specific, clear, and convincing." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ found Plaintiff to be "partially credible," and listed the factors that supported his determination. See AR at 67. In terms of severity of her diabetes, the ALJ found Plaintiff's past work history evidenced an ability to work despite the ailment. See AR at 67. In addition, the ALJ found that Plaintiff's diabetes symptoms remain stable due to her insulin treatments. Id. The ALJ found Plaintiff's ability to ambulate effectively without the need for an "assistive device" discounted the claimed effects from her obesity. Id. In referencing the left tibial plateau fracture, the ALJ noted Plaintiff had "healed well

from her left tibia surgery and, following symptomatic hardware removal, had normal knee range of motion and no pain." Id. The ALJ acknowledged that Plaintiff has also complained of right knee pain, but found "she has not had extensive treatment [for her right knee] and her complaints are predominately in the left knee." Id. In terms of the adhesive capsulitis of left shoulder, the ALJ found that Plaintiff had "good range of motion following left shoulder surgeries, she was sleeping on her left side again, began physical therapy, and she no longer needed pain medication for her left shoulder." Id. Finally, the ALJ observed that Plaintiff is right-handed and while she has been "noted to have shoulder impingement and tendinosis in [that shoulder in] the past, [] her complaints at the hearing were predominantly in the left shoulder." Id.

This Court recognizes that the ALJ primarily found Plaintiff's complaints were not supported by the objective medical evidence. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence *is still a relevant factor* in determining the severity of the claimant's pain and its disabling effects." Rollins, 261 F.3d at 857 (emphasis added) (citing 20 C.F.R. § 404.1529(c)(2)); Lingenfelter, 504 F.3d at 1040; Burch, 400 F.3d at 681; Reddick, 157 F.3d at 722. Here, the ALJ did not fully reject Plaintiff's testimony about her subjective pain complaints, but rather, determined she was only "partially credible." See AR at 67. Additionally, the ALJ identified conflicts between Plaintiff's testimony and her conduct and her long history of working with her diabetes diagnosis as specific reasons for his credibility determination. Therefore, the ALJ did not solely rely on the lack of corroboration in the available objective medical evidence, but cited to other sufficient factors as well.

The ALJ's decision included explicit reasons for discrediting Plaintiff's testimony, reasons that informed this Court of the specific evidence used to make his ultimate credibility determination. As stated above, credibility determinations are well within the province of the ALJ, and where the ALJ has made specific finding supported by the substantial evidence in the record, the courts must not second guess that decision. Fair v.

Bowen, 885 F.2d 597, 604 (9th Cir. 1989). The ALJ's credibility determination of Plaintiff, was based on the specific, clear, and convincing reasons, which were supported by substantial evidence in the record, and therefore, was not in err.

### ii. **ALJ did not err by failing to consider Plaintiff's work history**

Plaintiff argues the ALJ erred by failing to consider Plaintiff's "exemplary work history." See Doc. No. 13–1, pg. 21. Plaintiff contends that 20 C.F.R. § 404.1529(c)(3) *requires* the ALJ to consider Plaintiff's "demonstrated willingness to work". Id. (emphasis added). Plaintiff further advanced the sentiment proffered by other courts who have found that "it is unlikely someone would trade in their productive, and lucrative, work career for the far less lucrative 'career' of receiving disability benefits." Id. (citing Taybron v. Harris, 667 F.2d 412, 415 (3d Cir. 1981); Rivera v. Scheiker, 717 F.2d 719, 725 (2d Circ. 1983); Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)).

The ALJ mentions Plaintiff's work history several times throughout his opinion. When discussing the injury to Plaintiff's left shoulder he notes, "[t]he claimant worked at a school district for about 15 years . . ." See AR at 67. When discussing her ability to cope with diabetes, the ALJ states ". . . she worked for many years despite her condition." Id. Additionally, the ALJ verified that he reviewed Plaintiff's ". . . reported work history [and her] Social Security earnings record . . ." See AR at 68. Based on these references, it is apparent that the ALJ, in the very least, considered Plaintiff's work history. The ALJ did not err by failing to explicitly analyze Plaintiff's work history and the affect it had on his credibility determination. Although the ALJ must consider a broad spectrum of evidence, including prior work record, an ALJ is not required to include a discussion of a claimant's work history in his or her determination. See 20 C.F.R. § 404.1529(c)(3).

As stated above, the Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)). This Court finds the ALJ's decision is supported by substantial evidence and was not based on legal error.

## **CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED** Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Cross-Motion for Summary Judgment is **GRANTED**.  The Clerk of Court shall enter judgment accordingly.

DATED:     February 14, 2018

_____
JOHN A. HOUSTON
United States District Judge

15cv02733 JAH-BGS